PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## 4th Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 43]

Name of Offender: <u>Corey Booker</u>  Case Number: <u>3:06-00207-01</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., U.S. District Judge</u>

Date of Original Sentence: <u>July 2, 2007</u>

Original Offense: <u>Cts. 1 & 2 - Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924.</u>

Original Sentence: <u>77 months' imprisonment followed by 3 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>April 6, 2012</u>

Assistant U.S. Attorney: <u>S. Carran Daughtrey</u>  Defense Attorney: <u>Mariah Wooten</u>

### PETITIONING THE COURT

- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ☒ To Consider Additional Violation / Information.

---

THE COURT ORDERS:
- ☐ No Action
- ☐ The Issuance of a Warrant:
  - ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ Other _Considered additional violations_

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Considered this _2nd_ day of _October_, 2014, and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
U. S. District Judge

Place   Columbia, TN

Date   October 2, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 43, has been amended as follows:

Violation No. 2 has been amended detailing the offender's missed urine screen on August 19, 2014. Violation No. 6 has been added detailing the offender's positive drug screens on July 29, 2014, and August 6, 2014.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:** |

On December 11, 2013, and December 19, 2013, Mr. Booker submitted urine screens at the probation office, which tested positive for marijuana. Mr. Booker denied any use.

2. **The defendant shall participate in a drug testing program as directed by the probation officer:**

On January 2, 2014, Mr. Booker failed to report for a random urine screen. This officer sent a text message to Mr. Booker on January 6, 2014, and directed him to report that day to submit a urine screen. Mr. Booker did so, and the urine screen tested negative for any illicit substances.

On July 7, 2014, Mr. Booker failed to report for a random urine screen. This officer left a voice message for the offender advising him to contact this officer.

On August 19, 2014, Mr. Booker failed to report for a random urine screen. A voice message was left for Mr. Booker advising him to contact this officer.

3. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

On February 4, 2014, Mr. Booker submitted a urine screen at the probation office, which tested presumptively positive for marijuana. When questioned, Mr. Booker admitted he had smoked marijuana the day of his Godmother's funeral in mid-January.

4. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

On May 5, 2014, Mr. Booker submitted a urine screen at the probation office, which tested presumptively positive for marijuana. When questioned, Mr. Booker initially denied any new use, but then admitted smoking marijuana. The specimen was sent to Alere Laboratories, Gretna, Louisiana, and was confirmed positive for marijuana.

5. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

   On June 3, 2014, Mr. Booker submitted a urine screen at the probation office, which tested presumptively positive for marijuana. When questioned, Mr. Booker denied any new use. The specimen was sent to Alere Laboratories, Gretna, Louisiana, and was confirmed positive for marijuana. It should be noted that there were two urine screens between the positive urine screen on May 5, 2014, and the positive urine screen on June 3, 2014.

   On June 19, 2014, July 1, 2014, and July 9, 2014, Mr. Booker submitted urine screens at the U.S. Probation Office, that tested presumptively positive for marijuana. In all three instances, Mr. Booker denied any new use. The specimens were sent to Alere Laboratories, Gretna, Louisiana, and were confirmed positive.

   This officer spoke with AFPD Wooten on June 18, 2014, and she advised that she is attempting to get him in to the Samaritan Center, Nashville, Tennessee, for inpatient treatment. This officer spoke with Mr. Booker on June 19, 2014, about his drug issues, and he stated that "I really need some help." Mr. Booker advised this officer that he is amenable to inpatient treatment and believes it might be helpful.

   This officer requested nannogram levels from the lab on July 2, 2014. It was the Director of Toxicology's opinion that there was new marijuana use between the specimen submitted on June 3, 2014, and the specimen submitted on June 19, 2014.

6. **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

   **On July 29, 2014, and August 6, 2014, Mr. Booker submitted urine screens at the probation office, which tested positive for marijuana. When questioned, Mr. Booker admitted he had used marijuana.**

**Compliance with Supervision Conditions and Prior Interventions:**

Corey Booker is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since April 6, 2012. Mr. Booker is not currently employed, and lives with his girlfriend and child in Nashville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

Mr. Booker was referred to Centerstone, Madison, Tennessee, in April 2012. An intake assessment was completed on May 1, 2012, and no substance abuse treatment was recommended at that time. He was placed in Phase 1 of the Code-a-Phone program for drug testing at the U.S. Probation Office in Nashville, Tennessee. Mr. Booker had been advised on May 31, 2013, prior to submitting the positive urine screen, that he was being removed from the Code-a-Phone program as he had no positive screens to that point. He was placed on random urine screens, which would require him to submit a urine screen when notified by the probation officer to do so. Later that same day, he submitted the positive urine screen. On July 31, 2013, Mr. Booker was referred to Centerstone for an intake assessment. The assessment was completed on August 7, 2013, and recommended Mr. Booker be placed in Phase 1 of the LIOP substance abuse counseling program beginning on August 28, 2013. His counselor recommended he be reduced to Phase 2 on October 25, 2013. As a result of the positive urine screen on May 5, 2014, Mr. Booker was removed from group substance abuse counseling and placed on weekly individual counseling at Centerstone.

A 12A petition was submitted notifying the Court of Mr. Booker's positive urine screen and recommending no action at that time. Said petition was signed by Your Honor on June 17, 2013, ordering no action and that the violation be held in abeyance.

On July 16, 2013, a 12A petition was submitted notifying the Court of Mr. Booker's positive urine screen on June 27, 2013, and missed random urine screens on June 20, 2013, June 26, 2013, and July 2, 2013. Said petition was signed by Your Honor on July 18, 2013, ordering no action.

On August 6, 2013, another 12A petition was submitted notifying the Court of Mr. Booker's positive urine on July 30, 2013, and missed urine screen on July 16, 2013. Said petition was signed by Your Honor on August 7, 2013, ordering no action.

On August 26, 2013, a 12A petition was submitted notifying the Court of Mr. Booker's citation for Driving on Revoked License on July 22, 2013, and missed urine screens. The Driving on a Revoked License charge was dismissed on August 16, 2013.

On December 4, 2013, another 12A petition was submitted notifying the Court of Mr. Booker's failure to report for random urine screens. Said petition was signed by Your Honor on December 5, 2013, ordering no action.

On January 29, 2014, a 12C petition was submitted notifying the Court of Mr. Booker's positive urine screens and failures to report for urine screens. Said petition was signed by Your Honor on January 30, 2014, ordering the issuance of a Summons. Mr. Booker appeared for an Initial Appearance on the Summons on February 5, 2014. He was released pending a final revocation hearing.

On February 20, 2014, a Supplemental 12C petition was submitted notifying the Court of a positive urine screen. Said petition was signed by Your Honor on February 28, 2014, ordering that the additional violation be considered at the revocation hearing.

On June 12, 2014, a 2nd Supplemental 12C petition was submitted notifying the Court of a positive urine screen. Said petition was signed by Your Honor on June 17, 2014, ordering the additional violation be considered at the revocation hearing.

**On July 15, 2014, a 3rd Supplemental 12C petition was submitted notifying the Court of a positive urine screen and a missed random urine screen. Said petition was signed by Your Honor on July 18, 2014, ordering the additional violation be considered at the revocation hearing which was scheduled for September 22, 2014.**

**On August 20, 2014, Mr. Booker entered the Samaritan Recovery Community, Nashville, Tennessee, to participate in their 28-day inpatient substance abuse treatment program. He successfully completed the program on September 16, 2014.**

**On September 8, 2014, Your Honor granted a motion by defense counsel to continue the scheduled revocation hearing. A new date has not been set.**

**Mr. Booker continues to be drug tested at the most intensive level. Since Mr. Booker began his term of supervised release on April 6, 2012, he has submitted 64 urine samples, of which 14 have been positive.**

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations and/or information be considered at the revocation hearing which has not been scheduled. The U.S. Attorney's Office is agreeable with this recommendation.

Approved: *[signature]*
Jim Perdue
Deputy Chief U.S. Probation Officer

# SENTENCING RECOMMENDATION
# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
# UNITED STATES V. COREY BOOKER, CASE NO. 3:06-00207-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months U.S.S.G. § 7B1.4(a) | none |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 3 years less any term of imprisonment U.S.S.G. § 5D1.2(a)(2) | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release. 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Jim Perdue
Deputy Chief U.S. Probation Officer